IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DELROY T. BOOTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 5:18-cv-00367-MTT-MSH |
| | ) |
| WARDEN BOBBIT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's "Motion for Response to Defendants' Supplement [and] Motion for Opposing Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure" ("Plaintiff's reply").  Doc. 57.  The Court did not consider Plaintiff's reply before entering its January 27, 2020 Order that dismissed Plaintiff's supplemental retaliation claims and granted Defendants' motion for summary judgment on Plaintiff's original retaliation claims.  Doc. 55.  But after reviewing Plaintiff's reply, Doc. 57, the Court determines that it in no way alters the analysis or result of the Court's January 27, 2020 Order.  Doc. 55.  Thus, the Court reaffirms that Order.  *Id.*  The Court **DIRECTS** the Clerk of Court to **VACATE** the judgment entered on January 27, 2020, Doc. 56, and **RE-ENTER** judgment in favor of Defendants following entry of this Order.

### I.   BACKGROUND

The Court received Plaintiff's complaint on October 4, 2018.  Doc. 1.  On January 7, 2020, the Court allowed Plaintiff's First Amendment retaliation claims against Defendants Bobbitt and Farley to proceed for further factual development and dismissed all other claims upon preliminary review under 28 U.S.C. § 1915A.  Doc. 13.

On July 10, 2019, Plaintiff filed a "Motion for Opposition to Defendants' Summary Judgment" ("motion for opposition"). Doc. 37. At that time, however, Defendants had not moved for summary judgment. Defendants moved for summary judgment on August 8, 2019. Doc. 40. The Court received Plaintiff's response to Defendant's motion for summary judgment on August 28, 2019. Doc. 43.

Although styled as a response to Defendants' motion for summary judgment, the Court construed Plaintiff's motion for opposition, Doc. 37, as a motion to supplement because Plaintiff raised supplemental retaliation claims. Doc. 48. Specifically, he alleged that Defendant Bobbitt conspired to transfer him from Baldwin State Prison to Georgia State Prison and continued to have Georgia State Prison officials threaten him and deprive him of benefits. Docs. 27; 48. On January 2, 2020, the Court ordered Defendants to respond to Plaintiff's supplemental retaliation claims. Doc. 48. Defendants timely filed their "Response to the Order of January 2, 2020" ("Defendants' response"). Doc. 51. Plaintiff requested an extension to reply to Defendants' response and the Court granted his request. Docs. 52; 53.

On January 27, 2020, the Court dismissed Plaintiff's supplemental retaliation claims and granted Defendants' motion for summary judgment on Plaintiff's original retaliation claims. Docs. 55; 56. The Court filed Plaintiff's reply to Defendants' response on February 7, 2020.[1] Doc. 57.

---

[1] Although the Court did not receive Plaintiff's reply until February 7, 2020, Plaintiff signed the reply on February 3, 2020. "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's [reply] was delivered to prison authorities on the day he signed it." *Id.* Plaintiff's reply was, therefore, timely filed because, based on the extension, Doc. 53, Plaintiff had until February 4, 2020 to file his reply.

2

## II.     DISCUSSION

In its January 27, 2020 Order, Doc. 55, the Court determined that Plaintiff failed to show that the retaliatory conduct alleged in his original complaint (placement in administrative segregation and denial of benefits at Baldwin State Prison) was connected to his protected speech (writing a statement about his lawsuit at Hayes State Prison and requesting protective custody).  Doc. 55 at 5-14.  The Court, therefore, granted Defendants' motion for summary judgment as to Plaintiff's original retaliation claims.  *Id.*

As for Plaintiff's supplemental retaliation claims, the Court determined dismissal was appropriate because the claims were barred by the prior pending action doctrine. *Id.* at 3-5.  Specifically, the Court found that at the time this Court allowed Plaintiff to supplement his complaint, Plaintiff was already litigating his claims regarding a retaliatory transfer to Georgia State Prison and denial of benefits at Georgia State Prison in an action pending in the Southern District of Georgia.  *Booth v. Bobbitt*, No. 6:19-cv-00069 (S.D. Ga.).  The Court, however, made this ruling before Plaintiffs' reply was filed.  Doc. 57.

The Court has now considered Plaintiff's reply and finds it is largely nonresponsive and fails to address his supplementary transfer claim.  *Id.*  Plaintiff does state, however, that he does "not object" to Defendants' argument that his supplemental retaliatory transfer claim be litigated in the § 1983 action he has pending in the Southern District of Georgia.  Doc. 57 at 1.  Thus, Plaintiff's reply in no way alters the Court's determination that this claim is barred by the prior pending action doctrine.  Doc.  55.

### III.     CONCLUSION

The Court has considered Plaintiff's reply, Doc. 57, to Defendants' response, Doc. 51, regarding the supplement retaliation claims.  It is **ORDERED** that the Court's January 27, 2020 Order, Doc. 55, is unaltered by this reply.  The Clerk's Office is **DIRECTED** to **VACATE** the judgment entered on January 27, 2020, Doc. 56, and **RE-ENTER** judgment in favor of Defendants following entry of this Order.

**SO ORDERED** and **DIRECTED**, this 10th day of July, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
